Newman, J.
The written lease entered into between the parties in this case expired on the 31st day of July, 1915. It is admitted that defendant in error, on the 11th day of May, 1915, notified plaintiff in error that it desired possession of the premises occupied by it on the 11th day of August, 1915. It appears from the record that plaintiff in error occupied the premises until August 14, 1915. The municipal court made a finding against plaintiff in error on account of the use and occupancy of the premises during the period *58 August 1, 1915, to August 14, 1915, in the sum of $478.48, to which finding no abjection seems to be made on the part of plaintiff in error. The alleged error which counsel urge as their ground for a reversal of the judgments of the lower courts is that the trial court rejected all evidence as to damages claimed by plaintiff in error in its statement of set-off and counterclaim filed in the municipal court. In this statement plaintiff in error predicated its right to a recovery of damages upon the ground that it had been wrongfully evicted from the premises. It claimed the right to the possession of the premises until April, 1916. This right was based upon what was alleged to have been an oral agreement entered into during the month of April, 1915, whereby plaintiff in error was to have possession of the premises for a period of eight months after the expiration of a written lease which expired July 31, 1915. The parol agreement was claimed to have been made at a time when plaintiff in error was in possession of the premises under a written lease. It is true that the landlord and tenant while the latter was in possession of the premises in question could have made a parol agreement before the expiration of the written lease for a tenancy of eight months to continue from and after the original term. But before such an agreement could have been binding the landlord at the expiration of the term of.the written lease must have acquiesced in the continued possession of the tenant' in pursuance of the oral agreement. Bumiller v. Walker, 95 Ohio St., 344.
*59 The instant case was tried to the municipal court without the intervention of a jury. It was for the court to determine whether a parol agreement was actually made. There was a conflict of evidence, and the trial court was not requested to nor did it make separate conclusions of fact and law, and it may be that upon a weighing of the evidence the court found against the plaintiff in error on the question whether or not the parol agreement was. actually made. We cannot say there was no evidence which would warrant the court in reaching such a conclusion. This alone would defeat the right of plaintiff in error in the claim for damages made by it in its statement of set-off and counterclaim.
But assuming that a parol agreement had been made by the parties in April, 1915, it is uncontroverted that on May 11, 1915, the tenant was notified by the landlord that it desired possession of the premises on August 11, 1915. This is certainly inconsistent with the claim that the landlord assented to and acquiesced in the continued possession of the tenant after the expiration of the written lease in pursuance of the oral agreement. The establishment of this fact is necessary before a tenant can avail himself of the terms of a parol agreement such as is claimed to have been made in this case. Not only could the trial court have found that there was no acquiescence, but also that there was a repudiation of the agreement by the landlord, if any agreement was made. As was said in the opinion in Bumiller v. Walker, supra, either party may repudiate his own agreement be *60 fore the same has been validated by possession taken thereunder.
While counsel for plaintiff in error in their pleading in the municipal court based their claim for damages solely upon the breach of the parol agreement alleged to have been made in April, 1915, yet in oral argument and in their briefs filed in this court they suggest that if plaintiff in error was not a tenant for eight months under the parol agreement, it nevertheless became a tenant from year to year by holding over after July 31, 1915, and was therefore wrongfully evicted from the premises in August of that year. The right to hold for another year after the expiration of the term of a written lease requires the assent of the landlord, either express or implied. By remaining in possession without any new arrangement the tenant is regarded as offering to take the premises for another year upon the terms of the tenancy which has just expired. The landlord may treat him as a tenant for a year at the same rent, upon the same terms and conditions of his prior occupancy, or as a trespasser, at his election. But if the landlord accepts rent or acquiesces in such holding over for a considerable time, his election will be regarded as made in favor of the tenancy. Gladwell v. Holcomb et al., 60 Ohio St., 427, and B. & O. Rd. Co. v. West, 57 Ohio St., 161.
But in the instant case there was no acceptance of rent by the landlord, and it is admitted that on the 7th day of August, 1915, seven days after the expiration' of the written lease, the landlord gave to the tenant notice to quit the premises as required *61 by statute, after having on May 11 given notice in effect that he did not intend to prolong the tenancy for another year. The trial court could well have found from the evidence that the instant case did not come within the law announced in the cases we have just cited.
Our conclusion therefore is that there was no right on the part of plaintiff in error to continue in the possession of the premises, either for eight months, under a parol agreement, or for another year after the expiration of the written lease, on account of a holding over. It follows then that there was no wrongful eviction and the trial court was correct in refusing to consider any claim for damages.

Judgment affirmed.

Nichols, C. J., Wanamaker, Jones, Matthias, Johnson and Donahue, JJ., concur.